# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: <br><br> GLENN A LARSON <br> JUDY LARSON, <br><br> Debtors | NO. 07-09182 <br><br> Chapter 13 <br><br><br> Honorable Judge A. Benjamin Goldgar |

## NOTICE OF MOTION

TO:   SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on December 19, 2014 at 9:30 a.m., the undersigned will appear before the Honorable A. Benjamin Goldgar at the **North Branch Court** (Round Lake Beach), 1792 Nicole Lane, Round Lake Beach, Illinois 60073 and will then and there present the attached DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P. 9020 SEEKING SANCTIONS FOR CIVIL CONTEMPT FOR VIOLATIONS OF THE DISCHARGE INJUNCTION AGAINST **SPECIALIZED LOAN SERVICING, LLC, A DELAWARE LIMITED LIABILITY COMPANY; FV-1, INC IN TRUST FOR MORGAN STANLEY MORTGAGE CAPITAL HOLDING LLC AND MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS, LLC, A NEW YORK LIMITED LIABILITY COMPANY**, at which time you may appear if you so choose.

### Certificate of Service

I, Paul M. Bach, hereby certify that I caused a copy of this notice to be served, via First Class U.S. mail all parties on the service list on December 12, 2014 before the hour of 5:00 p.m. from the office located at 900 Jorie Blvd., Ste 150, Oak Brook, IL 60523.

> BY:  /S/ PAUL M. BACH
> Paul M. Bach, Esq. ARDC#6209530
> Counsel for Debtors
> Sulaiman Law Group, LTD.
> 900 Jorie Blvd, Ste 150
> Oak Brook, IL 60523
> Phone (630)575-8181

1

## SERVICE LIST

**Glenn A. Larson**
**Judy Larson**
1911 Longmeadow
Lindenhurst, IL 60046

**Glenn B Stearns**
801 Warrenville Road
Suite 650
Lisle, IL 60532

**Patrick S Layng**
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604

**Pierce & Associates**
1 North Dearborn Suite 1300
Chicago, IL 60602

**Christopher H Purcell**
Sherman & Sherman
120 S LaSalle St
Suite 1460
Chicago, IL 60603

**Joel P Fonferko**
Codilis & Associates, P.C.
15W030 N. Frontage Road
Suite 100
Burr Ridge, IL 60527

**Specialized Loan Servicing LLC**
C/O RA Capitol Corporate Serv Inc
1315 W. Lawrence Ave.
Springfield, Illinois 62704

**Specialized Loan Servicing LLC**
8742 Lucent Blvd. Suite 300
Highlands Ranch, CO 80129

**Morgan Stanley Mortgage Capitol Holdings LLC**
C/O RA C T Corporation System
208 S. LaSalle Street Suite 814
Chicago, Illinois 60604

**Morgan Stanley Mortgage Capitol Holdings LLC**
1585 Broadway
New York, NY 10036

**FV-1, Inc. in trust for Morgan Stanley Mortgage Capitol Holdings LLC**
1585 Broadway
New York, NY 10036

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GLENN A. LARSON and JUDY LARSON | CASE NUMBER 07 B 09182 |
| Debtors. | |
| | CHAPTER 13 |
| v. | |
| SPECIALIZED LOAN SERVICING, LLC, a Delaware Limited Liability Company; FV-1, INC in Trust for MORGAN STANLEY MORTGAGE CAPITAL HOLDING LLC and MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS, LLC, a New York Limited Liability Company | Honorable Judge A. Benjamin Goldgar |
| Defendants. | |

DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P. 9020
SEEKING SANCTIONS FOR CIVIL CONTEMPT FOR VIOLATIONS
OF THE DISCHARGE INJUNCTION AGAINST **SPECIALIZED LOAN SERVICING, LLC, A DELAWARE LIMITED LIABILITY COMPANY; FV-1, INC IN TRUST FOR MORGAN STANLEY MORTGAGE CAPITAL HOLDING LLC AND MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS, LLC, A NEW YORK LIMITED LIABILITY COMPANY**

NOW COME, GLENN A LARSON AND JUDY LARSON ("Debtors"), by and through their attorneys, Paul M. Bach and Penelope N. Bach, and bringing this Motion Seeking Sanctions Pursuant to Fed. R. Bankr. P. 9020 for Civil Contempt for Violations of the Discharge Injunction, and in support thereof, state:

### JURISDICTION AND VENUE

1.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 157(a) and 1334 in that this proceeding arises and is related to the above-captioned Chapter 13 case under Title 11.

4

2. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event that this case is determined to be a non-core proceeding, the Debtors consent to the entry of a final order by the Bankruptcy Judge.

3. Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b), 1408, and 1409.

## PARTIES

4. Plaintiffs are natural persons residing at 1911 Longmeadow, Lake Villa, Illinois 60046.

5. Upon information and belief, at all times relevant to this action, SLS was a Delaware limited liability company engaged as a national mortgage servicer debt collection firm with a principal office located in Highland Ranch, Colorado.

6. Upon information and belief, at all times relevant to this action, FV-1 holds ownership of the alleged loan in question in trust for MSMCH with a principal office located in New York, New York.

7. Upon information and belief, at all times relevant to this action, MSMCH was a New York limited liability company engaged as a national mortgage servicer and debt collector with a principal office located in New York, New York.

8. Upon information and belief, SLS, FV-1 and MSMCH are the business of collecting mortgage debts in the state of Illinois.

## FACTS SUPPORTING CAUSES OF ACTION

9. On or about June 7, 1996, Plaintiffs executed a promissory note in favor of Novus Financial Corporation and a mortgage that secured the promissory note ("the subject loan") against a piece of real property, commonly known as 1911 Longmeadow, Lindenhurst, Illinois 60046 (the "real estate"). The promissory note was titled the Illinois Agreement and Disclosure

5

Agreement and a copy of this document is an Exhibit to Exhibit D which is described below. The mortgage was titled as an Illinois Mortgage and copy of this document is an Exhibit to Exhibit D which described below.

10. This Illinois Agreement and Disclosure Agreement and Illinois Mortgage were related to the real estate.

11. Novus Financial Corporation changed it corporate name to Morgan Stanley Dean Witter Credit Corporation on April 28, 2005 and then on information and belief to Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC, a Delaware Corporation ("Specialized LOAN SERVICING, LLC, FV-1, INC. IN TRUST FOR MORGAN STANLEY MORTGAGE CAPITAL HOLDING LLC AND MORGAN STANLEY MORTGAGE CAPITAL HOLDING LLC") subsequent to April 18, 2005 and prior to May 20, 2007.

12. The Illinois Agreement and Disclosure Agreement matured on May 31, 2006 and foreclosure proceedings were commenced thereafter in the Circuit Court for the Nineteenth Judicial Circuit, Lake County, Illinois.

13. On May 20, 2007, Plaintiffs filed a joint petition for bankruptcy relief under Chapter 13 of Title 11 of the United States Code.

14. Plaintiffs named Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC as one of their creditors in the bankruptcy filing. *See* attached Exhibit A, a true and correct copy of Plaintiffs' Schedule D from their bankruptcy filing.

15. On May 23, 2007, the Bankruptcy Noticing Center (BNC) served all creditors listed in Plaintiffs' bankruptcy petition, including but not limited to Mortgage Stanley Credit Corporation.

6

*See* Exhibit B, a true and correct copy of the May 21, 2007 Notice of Bankruptcy Case, Meeting of Creditors & Deadlines.

16. On May 21, 2007, the Plaintiffs filed a Chapter 13 Plan which was served by the BNC on May 23, 2007. *See* Exhibit C, a true and correct copy of the May 21, 2007, Chapter 13 Plan and Proof of Mailing on May 23, 2007, by the Bankruptcy Noticing Center.

17. The May 21, 2007, Chapter 13 Plan proposed to pay $3,200.00 per month to the Chapter 13 Trustee for sixty months with Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC being paid $95,000.00 plus 7% interest under Section E5A. *Id.*

18. On June 4, 2007, Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC f/k/a Novus Financial Corporation filed Proof of Claim 8 in Northern District of Illinois Case Number 07 B 09182 claiming a total amount due by the Debtor of $94,057.91. *See* Exhibit D a true and correct copy of Proof of Claim 8.

19. On July 26, 2007, the Plaintiffs filed a Modified Chapter 13 Plan which was served by the BNC on July 28, 2007. *See* Exhibit E, a true and correct copy of the July 26, 2007, Chapter 13 Plan and Proof of Mailing on July 28, 2013 by the BNC. The July 26, 2007, Chapter 13 Plan proposed to pay $3,200.00 per month to the Chapter 13 Trustee for sixty months with Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC being paid $94,057.91 plus 7% interest under Section E5A.

20. On August 3, 2007, Judge A. Benjamin Goldgar confirmed the Modified Chapter 13 Plan attached as Exhibit E. *See* Exhibit F, a true and correct copy of the Order Confirming Plan.

21.     The Modified Chapter 13 Plan confirmed contained the following provisions in Section G, paragraphs one and three.

> Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real estate to apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages; for purposes of the plan; to apply the direct mortgage payments, if any, paid by the trustee or by the debtor(s) to the month in which they were intended to be made under the plan or directly by the debtor(s), whether such payments are immediately applied to the loan or placed into some type of escrow account; to notify the trustee, the debtor(s) and the attorney for the debtor(s) of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor(s) and attorney for the debtor(s) of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payments; and to otherwise comply with 11 USC 524(i).   In the event of stay modification or dismissal the payment application scheme in this paragraph shall no longer apply.
> The debtor(s) further specifically invoke and intend for this plan provision to invoke and reserve the debtor(s) the provisions of 11 USC 524(i).

22. On July 18, 2008, Judge A. Benjamin Goldgar modified the Confirmed Modified 13 Plan attached as Exhibit E.  *See* Exhibit G, a true and correct copy of the Order Modifying Plan.   The July 18, 2008, Order increased the interest percentage to be paid Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC from 7% to 9% and deferred the accrued default.

23. Over the life of the Confirmed Chapter 13 Plan, Glenn B. Stearns, Chapter 13 Trustee distributed to Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC $94,057.91 in principal and $23,241.82 in interest.  *See* Exhibit H, a true and correct copy of printouts from Glenn B. Stearns website documenting the payments and confirming that the amounts to be paid through the Confirmed Chapter 13 Plan to Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC were in fact paid.

8

24. On December 12, 2011, Marifran Smith on behalf of Glenn B. Stearns, Chapter 13 Trustee, provided a "Notice of Payment of Final Mortgage Cure Amount under Paragraph B(2)(b) of the Plan." *See* Exhibit I, a true and correct copy of the "Notice of Payment of Final Mortgage Cure Amount under Paragraph B(2)(b) of the Plan.

25. On June 1, 2012, PHH MORTGAGE CORPORATION, a New Jersey Corporation ("PHH MORTGAGE CORPORATION") entered into a sub servicer agreement with Morgan Stanley Mortgage Capital Holdings LLC whereby PHH MORTGAGE CORPORATION serviced all prior loans of Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC pursuant to a Power of Attorney with MSMCH.  On information and belief, the Power of Attorney was to be effectuated by the assignment of the Mortgage Loans held by Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC to Morgan Stanley Mortgage Capital Holdings, LLC.  One of the actions allowed under the Power of Attorney by PHH Mortgage Corporation was "Executing documents and necessary to release all obligations under any promissory note or related documents with to the Mortgage Loans."   A copy of the Power of Attorney is attached to the Assignment of Mortgage (Exhibit M) referred to and attached below.

26. That based on Exhibit M and N, ownership of the subject loan was transferred via merger from Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC to Morgan Stanley Private Bank, National Association on or about June 1, 2012.  That also based on Exhibit M and N, ownership if the subject loan was then transferred from Morgan Stanley Private Bank, N.A. to MSMCH on or about June 1, 2012.   Additionally, based on Exhibit M and N servicing of the

9

subject loan was transferred from Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC, Morgan Stanley Private Bank, National Association and MSMCH to PHH Mortgage Corporation on or about June 1, 2012.

27. Plaintiffs only became aware of the above described Transfers when Plaintiff, Judy Larson, called Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC on October 10, 2013 regarding obtaining a Release of Mortgage.

28. On August 16, 2012, Marifran Smith on behalf of Glenn B. Stearns, Chapter 13 Trustee, provided a "Notice of Payment of Final Mortgage Cure under Rule 3002.1(f)." *See* Exhibit J, a true and correct copy of the "Notice of Payment of Final Mortgage Cure Amount under 3002.1(f)."

29. On September 13, 2012, Chapter 13 Trustee Glenn B. Stearns filed a Notice of Completion of Plan Payments.

30. No response was ever filed by Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC or any other entity to Exhibit I and/or J. On September 12, 2012, Plaintiffs received their bankruptcy discharge. *See* Exhibit K, a true and correct copy of the September 20, 2012 Discharge Order.

31. Subsequent to the Discharge Order (October 2012) being entered, the undersigned contacted Attorney Christopher Brown of Pierce & Associates ("Attorney Brown") who represented Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC previously in the Bankruptcy

10

case about a release of the mortgage held by Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC. Attorney Brown indicated that he would contact his client and get back to the undersigned.

32. The undersigned contacted Attorney Brown about the Release in November and December 2012, but the same response was received (none).

33. In September 2013, as a result of storm damage, the Plaintiffs applied for a loan (siding and other items need to be replaced) and were told the loan could not be closed as the Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC Mortgage was still held as lien on the Plaintiffs' real estate. The loan was to be for $25,000.00. Additionally, the Plaintiffs' insurance company had served a notice of termination of insurance coverage on November 18, 2013 if the siding has not been replaced.

34. On October 28, 2013, Plaintiffs filed a Motion pursuant to Federal Rule of Bankruptcy Procedure Seeking Sanctions for Civil Contempt for Violations of the Discharge Injunction against Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC and PHH Mortgage Corporation noticed for November 8, 2013 (hereinafter called "the 2013 Motion for Contempt). *See* attached Exhibit L which is a copy of the Motion without Exhibits (Exhibits referred to are the same as in this Complaint).

35. Between October 10, 2013 and November 6, 2013 Plaintiffs contacted the Defendant six times by telephone to request the issuance of the Mortgage release. In the first five calls, representatives of the Defendant either promised a Release of Mortgage would or claimed it had

11

been sent to the Lake County Recorder of Deeds.   As will be seen in the following paragraphs, these promises were false.   In the last telephone call, the representative of the Defendant stated that a Release of Mortgage could not be issued because the Plaintiffs still owed funds on the Illinois Agreement and Disclosure Agreement was not paid in full.

36. On November 8, 2013, at the presentation of the 2013 Motion for Contempt it was arranged that the Release of Mortgage would be sent by overnight mail to the Plaintiffs.

37. On November 9, 2013, an Assignment of Mortgage (with the Power of Attorney referred to above attached) and Release of Mortgage were delivered to the Plaintiffs by overnight mail to the Plaintiffs. *See* attached Exhibits M (Assignment of Mortgage) and Exhibit N (Release of Mortgage).

38. If Plaintiffs had not filed the 2013 Motion for Contempt, Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC and/or Morgan Stanley Mortgage Capital Holdings, LLC would have still held a lien on the Debtors' residence even though the Chapter 13 Plan paid the mortgage in full and Plaintiffs would have had the insurance coverage on the subject property terminated.

39. In February 2014, Plaintiffs resolved the 2013 Motion for Contempt and on March 17, 2014, Plaintiffs filed a Motion Withdrawing the 2013 Motion for Contempt with Prejudice.

40. On October 9, 2014, SLS sent to the Plaintiffs a Notice of Servicing Transfer from PHH Mortgage Corporation to SLS effective October 1, 2014.  The Notice of Servicing Transfer stated among other things that the Plaintiffs were to make payment for the mortgage loan to SLS instead of PHH.  This Notice of Servicing Transfer was received by the Plaintiffs on October 16,

2014.  *See* attached Exhibit O (Notice of Transfer of Servicing Rights from SLS dated October 9, 2014).

41. On October 12, 2014, SLS sent a Dunning Letter to Plaintiffs which stated that "the amount of the debtor as of 10/7/2014 is $17,149.95.  The October 12, 2014 Dunning Notice was received by the Plaintiffs on October 17, 2014.  *See* attached Exhibit P (Dunning Letter dated October 12, 2014 from SLS).

42. On October 13, 2014, SLS sent a Statement which demanded that $4,333.95 be paid by 11/07/2014 and that "You are late on your Mortgage Payments.  Failure to bring your loan current may result in fees and foreclosure - the loss of your home.  As of November 10, 2014 your are 1344 days delinquent on your mortgage loan." The Statement was received by Plaintiff on October 20, 2014.  *See* attached Exhibit Q (Statement dated October 13, 2014 from SLS).

43. On October 16, 2014, SLS sent a Representation Letter to Plaintiff.  The Letter was received by Plaintiff on October 20, 2014.  *See* attached Exhibit R (Letter dated October 16, 2014 from SLS).

44. Concerned over the violations by the rights and protections afforded by the Chapter 13 Discharge in 2012 and the release of the Mortgage Loan in 2013, Plaintiffs sought the assistance of counsel to ensure that Defendant's collection efforts were stopped and remedied.

45. On October 16, 2014, the undersigned on behalf of Plaintiffs sent SLS a Request for Information Pursuant to Section 1024.36 of Regulation X.  *See* attached Exhibit S (Letter dated October 16, 2014 to SLS).

46. On October 31, 2014, SLS sent to the undersigned an initial response "to your written request dated October 16, 2014 and received on October 23, 2014 regarding investor and payoff quote for the validation of debt for the above referenced account."  The initial response stated that the

13

current creditor was "FV-1, Inc. in trust for Morgan Stanley Mortgage Capital Holdings LLC." The initial response also included a Payoff Statement for the Mortgage Loan for a total of $17,340.94. *See* attached Exhibit T (Letter dated October 16, 2014 to SLS).

47. On November 10, 2014, SLS sent a Statement which demanded that $17,353.92 be paid by 12/07/2014 and that "You are late on your Mortgage Payments. Failure to bring your loan current may result in fees and foreclosure - the loss of your home. As of November 10, 2014 your are 1344 days delinquent on your mortgage loan." The Statement was received by Plaintiff on October 20, 2014. *See* attached Exhibit U (Statement dated November 10, 2014 from SLS).

48. On November 17, 2014 SLS sent a further response "to your written request dated October 16, 2014 and received on October 23, 2014 regarding a validation of debt for the above referenced account. *See* attached Exhibit V (Response dated November 17, 2014 from SLS).

49. The demand for payment described above after April 1, 2014 for a loan that was discharged (no personal liability) and for which the mortgage had been released by the same party who is currently the owner (according to SLS) was a continued attempt to collect by Defendants of additional amounts to which Defendants or the entities that Defendant collected for were not entitled to receive.

50. All of Defendants' continued collection efforts occurred with actual knowledge of the Plaintiffs' bankruptcy, the Plaintiffs' Chapter 13 Discharge and the actual payoff of the Illinois Agreement and Disclosure Agreement as well as the Illinois Mortgage and after April 1, 2014.

STANDARD

51.     Pursuant to 11 U.S.C. § 524(a)(2), a discharge order "operates as an injunction" against acts to collect upon discharged debts.

52. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

53. That 11 USC 524(i) states as follows: "The willful failure of a creditor to credit payments received under a plan confirmed under this title, unless the order confirming the plan is revoked, the plan is in default, or the creditor has not received payments required to be made under the plan in the manner required by the plan (including crediting the amounts required under the plan), shall constitute a violation of an injunction under subsection (a)(2) if the act of the creditor to collect and failure to credit payments in the manner required by the plan caused material injury to the debtor."

54. That Federal Rule of Bankruptcy Procedure 3002.1 (f, g, h & i) provide as follows:

(f) Notice of Final Cure Payment. Within 30 days after the debtor completes all payments under the plan, the trustee shall file and serve on the holder of the claim, the debtor, and debtor's counsel a notice stating that the debtor has paid in full the amount required to cure any default on the claim. The notice shall also inform the holder of its obligation to file and serve a response under subdivision (g). If the debtor contends that final cure payment has been made and all plan payments have been completed, and the trustee does not timely file and serve the notice required by this subdivision, the debtor may file and serve the notice.(g) Response to Notice of Final Cure Payment. Within 21 days after service of the notice under subdivision (f) of this rule, the holder shall file and serve on the debtor, debtor's counsel, and the trustee a statement indicating (1) whether it agrees that the debtor has paid in full the amount required to cure the default on the claim, and (2) whether the debtor is otherwise current on all payments consistent with § 1322(b)(5) of the Code. The statement shall itemize the required cure or postpetition amounts, if any, that the holder contends remain unpaid as of the date of the statement. The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f).

Determination of Final Cure and Payment. On motion of the debtor or trustee filed within 21 days after service of the statement under subdivision (g) of this rule, the court shall, after notice and hearing, determine whether the debtor has cured the default and paid all required postpetition amounts.

15

55. Failure to Notify. If the holder of a claim fails to provide any information as required by subdivision (b), (c), or (g) of this rule, the court may, after notice and hearing, take either or both of the following actions:

preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

56. "To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *United States S.E.C. v. Hyatt*, 621 F.35 687, 692 (7th Cir. 2008).

57. "A creditor must maintain adequate procedures to prevent a violation of the discharge injunction." *In re Nassoko,* 405 B.R. 515, 521 (Bankr.S.D.N.Y.2009).

58. "Punitive damages are awarded in response to particularly egregious conduct for both punitive and deterrent purposes. Such awards are reserved for cases in which the defendant's conduct amounts to something more than a bare violation justifying compensatory damages or injunctive relief. To recover punitive damages, the defendant must have acted with actual knowledge that he was violating the federally protected right or with reckless disregard of whether he was doing so." *In re Wagner*, 74 B.R. 898, 903-904 (Bankr.E.D.Pa.1987). "Punitive damages are especially appropriate when a party has acted in "arrogant defiance" of the Bankruptcy Code." *In re Medlin*, 201 B.R. 188 (Bankr.E.D.Tenn.1996).

59. "In determining if punitive damages are appropriate, the court has looked to (1) the nature of the creditor's conduct; (2) the creditor's ability to pay damages; (3) the motive of the

creditor; (4) any provocation by the debtor; as well as (5) the creditor's sophistication and knowledge of bankruptcy law and procedure." *In re Sumpter*, 171 B.R. 835, 845 (Bankr.N.D.Ill 1994).

ARGUMENT

60. The actions of Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC are in violation and contempt of the Order of Discharge entered by this Honorable Court on September 20, 2012. *See* Exhibit B. This is especially true as a Discharge Violation Motion was previously resolved in regards to this very loan.

61. The Discharge Order expressly states that "the discharge prohibits any act to collect from the debtor a debt has been discharged." *Id.*

62. There is no question that the Discharge Order is an unambiguous command.

63. Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC, through its repeated efforts to unlawfully collect the subject debt clearly did not make a reasonable and diligent effort to comply with the Discharge Order.

64. Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC repeatedly and unlawfully attempted to coerce the Debtors to pay the discharged subject debt and Morgan Stanley Mortgage Capital Holding LLC mortgage. Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC's conduct after April 1, 2014 represents violations of the discharge injunction

17

pursuant to 11 U.S.C. § 524(a)(2) and 11 USC 524(i) and constitutes civil contempt of bankruptcy court orders.

65. Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC's actions after April 1, 2014 in seeking to collect on the subject debt after the Debtors' lawful discharge amounts to a flagrant and willful disregard to the discharge injunction as set forth in 11 U.S.C. § 524(a)(2) and 11 USC 524(i).

66. Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC's conduct after April 1, 2014 was persistent and pervasive; it is clear that at no time did Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC implement any systems to prevent its ongoing violation of the Discharge Order.

67. It is Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC's regular business practice to ignore Discharge Orders, even after repeated notifications of the Debtors' discharge.

68. The Debtors have experienced extreme emotional distress, loss of sleep, and undue stress and anxiety as a direct result of Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC's persistent violations of the Discharge Order after April 1, 2014.

69. To protect its authority and as well as to give debtors the relief that Congress contemplated, the Court should act promptly and firmly to stop conduct that violates the discharge injunction.

70. In order to protect the spirit of bankruptcy discharges as contemplated by Congress, this Court must impose civil contempt sanctions against Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC for its brazen disregard of this Court's orders, including actual damages, punitive damages, costs, and fees. This conduct is especially brazen and bold in that a Discharge Violation was previously resolved in the last year for this very loan.

**WHEREFORE,** the Debtors having set forth their claims for relief against Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC respectfully pray of the Court as follows:

   a. That this Honorable Court enter an order finding Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC and PHH Mortgage Corporation in civil contempt for violations of 11 U.S.C. § 524, 11 U.S.C. § 524(i) and Federal Rule of Bankruptcy Procedure 3002.1;

   b. That this Honorable Court enter an order directing Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC and PHH Mortgage Corporation to pay actual damages in a sum determined by the Court for violations of 11 U.S.C. § 524, 11 U.S.C. § 524(i) and Federal Rule of Bankruptcy Procedure 3002.1;

   c. That this Honorable Court enter an order directing Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and Morgan Stanley Mortgage Capital Holding LLC and PHH Mortgage Corporation to pay punitive damages in an amount in excess of $500,000.00 by the Court for violations of 11 U.S.C. § 524, 11 U.S.C. § 524(i) and Federal Rule of Bankruptcy Procedure 3002.1;

   d. That this Honorable Court enter an order directing Specialized Loan Servicing, LLC, FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC and

      Morgan Stanley Mortgage Capital Holding LLC and PHH Mortgage Corporation to pay a sum determined by the Court for all reasonable legal fees and expenses incurred by their attorney for violations of 11 U.S.C. § 524, 11 U.S.C. § 524(i) and Federal Rule of Bankruptcy Procedure 3002.1; and

e. That this Honorable Court enter an order granting Debtor such other and further relief as the Court may deem just and proper.

Dated: December 11, 2014                   Respectfully Submitted,

/s/ Paul M. Bach
Paul M. Bach, Esq. ARDC#6209530
Counsel for Debtors
Sulaiman Law Group, LTD.
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181