## UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| GLENN A. LARSON and JUDY LARSON ) | CASE NUMBER 07 B 09182 |
| ) | |
| Debtors, ) | |
| ) | CHAPTER 13 |
| v. ) | |
| ) | |
| SPECIALIZED LOAN SERVICES, LLC, ) | Honorable Judge A. Benjamin Goldgar |
| a Delaware Limited Liability Company; ) | |
| FV-1, INC in Trust for MORGAN ) | |
| STANLEY MORTGAGE CAPITAL ) | |
| HOLDING LLC and MORGAN ) | |
| STANLEY MORTGAGE CAPITAL ) | |
| HOLDINGS, LLC, a New York ) | |
| Limited Liability Company, ) | |
| ) | |
| Defendants. ) | |

### RESPONSE IN OPPOSITION TO DEBTORS' MOTION SEEKING SANCTIONS FOR CIVIL CONTEMPT FOR ALLEGED VIOLATIONS OF THE DISCHARGE INJUNCTION

Defendant Specialized Loan Services, LLC ("Specialized"), by its attorneys, respectfully submits its Response in Opposition to Debtors Glenn A. Larson and Judy Larson's (collectively, "Debtors") Motion Pursuant to Fed. R. Bankr. P. 9020 Seeking Sanctions for Civil Contempt for alleged Violations of the Discharge Injunction ("Motion for Sanctions") and states as follows:

### Introduction

1.     Debtors move for sanctions pursuant to Fed. R. Bankr. P. 9020 against Specialized for allegedly violating the terms of the discharge injunction under 11 U.S.C. § 524(a)(2) and 11 U.S.C. § 524(i).

2.     Specifically, Debtors contend that letters Specialized purportedly sent in October and November of 2014 violate this Court's September 20, 2012 Order of Discharge (the "Discharge Order").

3.     Debtors' allegations lack merit because the letters do not violate the discharge injunction and Specialized maintained procedures specifically designed to avoid violating the discharge injunction. As such, this Court should deny Debtors' motion for sanctions.

## Background

4.     On or about June 1, 1996, Novus Financial Corporation extended a loan in the original principal amount due of $55,120.94 to Debtors (the "Subject Loan") that is secured by a mortgage on the real estate commonly known as 1911 Longmeadow Drive, Lindenhurst, Illinois 60046 (the "Subject Property"). *See* Ex. D attached to Motion for Sanctions.

5.     On or about May 20, 2007, Debtors filed a joint petition for bankruptcy relief under Chapter 13 of Title 11 of the United States Code. *See* Motion for Sanctions, ¶ 13.

6.     On or about August 3, 2007, this Court confirmed the Debtors' Modified Chapter 13 Plan. *See* Motion for Sanctions, ¶ 20.

7.     On or about July 18, 2008, this Court modified the Confirmed Modified 13 Plan. *See* Motion for Sanctions, ¶ 22.

8.     On or about June 1, 2012, PHH Mortgage Corporation ("PHH") entered into a sub servicer agreement with Morgan Stanley Mortgage Capital Holdings LLC whereby PHH began servicing all prior loans of "Specialized Loan Servicing, LLC, FV-1 Inc. in Trust for Morgan Stanley Mortgage Capital Holding LLC." *See* Motion for Sanctions, ¶ 25.

9.     On or about September 20, 2012, while PHH was servicing the Subject Loan, this Court entered a Discharge Order for Debtors' Chapter 13 bankruptcy (the "Discharge Order").

10.     On or about October 1, 2014, Specialized began servicing the Subject Loan and notified Debtors that PHH was no longer servicing the Subject Loan or accepting payments. *See* Motion for Sanctions, ¶ 40; Ex. O.

2

11.    Specialized's October 1, 2014 notice of service transfer letter to Debtors contained the following conspicuous statement in bold capital letters at the end of the letter:

**BANKRUPTCY NOTICE: IF YOU ARE A CUSTOMER IN BANKRUPTCY OR A CUSTOMER WHO HAS RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, PLEASE BE ADVISED THAT THIS NOTICE IS TO ADVISE YOU OF THE STATUS OF YOUR MORTGAGE LOAN.   THIS NOTICE CONSTITUTES NEITHER A DEMAND FOR PAYMENT NOR A NOTICE OF PERSONAL LIABILITY TO ANY RECIPIENT HEREOF, WHO MIGHT HAVE RECEIVED A DISCHARGE OF SUCH DEBT IN ACCORDANCE WITH APPLICABLE BANKRUPTCY LAWS OR WHO MIGHT BE SUBJECT TO THE AUTOMATIC STAY OF SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE.  HOWEVER, IT MAY BE A NOTICE OF POSSIBLE ENFORCEMENT OF THE LIEN AGAINST THE COLLATERAL PROPERTY, WHICH HAS NOT BEEN DISCHARGED IN YOUR BANKRUPTCY.**

12.    On or about October 12, 2014, Specialized sent Debtors a document indicating that the amount outstanding on the Subject Loan was $17,149.95. *See* Motion for Sanctions, ¶ 41; Ex. P.

13.    Specialized's October 12, 2014 letter to Debtors contained the following conspicuous statement in bold capital letters at the end of the letter:

**HOWEVER, IF YOU ARE CURRENTLY IN A BANKRUPTCY PROCEEDING OR HAVE RECEIVED A BANKRUPTCY DISCHARGE OF THE HOME LOAN DEBT REFERENCED ABOVE, THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY. IT SHOULD NOT BE CONSTRUED AS AN ATTEMPT TO COLLECT AGAINST YOU PERSONALLY. IF YOU ARE REPRESENTED BY AN ATTORNEY, PLEASE PROVIDE THIS NOTICE TO YOUR ATTORNEY.**

**BANKRUPTCY NOTICE – IF YOU ARE A CUSTOMER IN BANKRUPTCY OR A CUSTOMER WHO HAS RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, PLEASE BE ADVISED THAT THIS NOTICE IS SENT TO COMPLY WITH THE REQUIREMENTS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA").  THIS NOTICE CONSTITUTES NEITHER A DEMAND FOR PAYMENT NOR A NOTICE OF PERSONAL LIABILITY TO ANY RECIPIENT HEREOF, WHO MIGHT HAVE RECEIVED A DISCHARGE OF SUCH DEBT IN ACCORDANCE WITH APPLICABLE BANKRUPTCY LAWS OR WHO MIGHT BE SUBJECT TO THE AUTOMATIC STAY OF SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE. HOWEVER, IT IS BEING SENT TO YOU AS THE LIEN AGAINST THE COLLATERAL PROPERTY HAS NOT BEEN DISCHARGED IN YOUR BANKRUPTCY.**

14.    On or about October 13, 2014, Specialized sent Debtors a document indicating

that the amount due on the Subject Loan was $4,333.95. *See* Motion for Sanctions, ¶ 42; Ex. Q.

15.    Specialized's October 13, 2014 letter to Debtors contained the following

conspicuous statement in all bold capital le⸍ ers at the end of the letter:

**BANKRUPTCY NOTICE: IF YOU ARE A CUSTOMER IN BANKRUPTCY OR A CUSTOMER WHO HAS RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, PLEASE BE ADVISED THAT THIS NOTICE IS TO ADVISE YOU OF THE STATUS OF YOUR MORTGAGE LOAN. THIS NOTICE CONSTITUTES NEITHER A DEMAND FOR PAYMENT NOR A NOTICE OF PERSONAL LIABILITY TO ANY RECIPIENT HEREOF, WHO MIGHT HAVE RECEIVED A DISCHARGE OF SUCH DEBT IN ACCORDANCE WITH APPLICABLE BANKRUPTCY LAWS OR WHO MIGHT BE SUBJECT TO THE AUTOMATIC STAY OF SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE. HOWEVER, IT MAY BE A NOTICE OF POSSIBLE ENFORCEMENT OF THE LIEN AGAINST THE COLLATERAL PROPERTY, WHICH HAS NOT BEEN DISCHARGED IN YOUR BANKRUPTCY.**

16.    On or about October 16, 2014, Specialized sent a letter to Debtors' notifying

Debtors that Specialized sent a letter to Debtors' attorney asking the attorney to confirm he

represents Debtors in relation to the Subject Loan. *See* Motion for Sanctions, 43; Ex. R.

17.    Specialized's October 16, 2014 letter to Debtors contained the following

conspicuous statement in bold capital letters at the bottom of the letter:

**BANKRUPTCY NOTICE: IF YOU ARE A CUSTOMER IN BANKRUPTCY OR A CUSTOMER WHO HAS RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, PLEASE BE ADVISED THAT THIS NOTICE IS TO ADVISE YOU OF THE STATUS OF YOUR MORTGAGE LOAN. THIS NOTICE CONSTITUTES NEITHER A DEMAND FOR PAYMENT NOR A NOTICE OF PERSONAL LIABILITY TO ANY RECIPIENT HEREOF, WHO MIGHT HAVE RECEIVED A DISCHARGE OF SUCH DEBT IN ACCORDANCE WITH APPLICABLE BANKRUPTCY LAWS OR WHO MIGHT BE SUBJECT TO THE AUTOMATIC STAY OF SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE. HOWEVER, IT MAY BE A NOTICE OF POSSIBLE ENFORCEMENT OF THE LIEN AGAINST THE COLLATERAL PROPERTY, WHICH HAS NOT BEEN DISCHARGED IN YOUR BANKRUPTCY.**

18. On or about October 31, 2014, Specialized sent a letter to Debtors' counsel in response to a letter received from Debtors' counsel. In its letter to Debtors' counsel, Specialized enclosed a payoff quote. *See* Motion for Sanctions, ¶ 46; Ex. T.

19. Specialized's October 31, 2014 letter to Debtors' counsel contained the following conspicuous statement in bold capital letters at the end of the letter:

**BANKRUPTCY NOTICE: IF YOU ARE A CUSTOMER IN BANKRUPTCY OR A CUSTOMER WHO HAS RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, PLEASE BE ADVISED THAT THIS NOTICE IS TO ADVISE YOU OF THE STATUS OF YOUR MORTGAGE LOAN. THIS NOTICE CONSTITUTES NEITHER A DEMAND FOR PAYMENT NOR A NOTICE OF PERSONAL LIABILITY TO ANY RECIPIENT HEREOF, WHO MIGHT HAVE RECEIVED A DISCHARGE OF SUCH DEBT IN ACCORDANCE WITH APPLICABLE BANKRUPTCY LAWS OR WHO MIGHT BE SUBJECT TO THE AUTOMATIC STAY OF SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE. HOWEVER, IT MAY BE A NOTICE OF POSSIBLE ENFORCEMENT OF THE LIEN AGAINST THE COLLATERAL PROPERTY, WHICH HAS NOT BEEN DISCHARGED IN YOUR BANKRUPTCY.**

20. In addition, the Payoff Statement attached to the October 31, 2014 letter to Debtors contained the following notice at the end of the Statement:

BANKRUPTCY NOTICE: IF YOU ARE A CUSTOMER IN BANKRUPTCY OR A CUSTOMER WHO HAS RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, PLEASE BE ADVISED THAT THIS NOTICE IS TO ADVISE YOU OF THE STATUS OF YOUR MORTGAGE LOAN. THIS NOTICE CONSTITUTES NEITHER A DEMAND FOR PAYMENT NOR A NOTICE OF PERSONAL LIABILITY TO ANY RECIPIENT HEREOF, WHO MIGHT HAVE RECEIVED A DISCHARGE OF SUCH DEBT IN ACCORDANCE WITH APPLICABLE BANKRUPTCY LAWS OR WHO MIGHT BE SUBJECT TO THE AUTOMATIC STAY OF SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE. HOWEVER, IT MAY BE A NOTICE OF POSSIBLE ENFORCEMENT OF THE LIEN AGAINST THE COLLATERAL PROPERTY, WHICH HAS NOT BEEN DISCHARGED IN YOUR BANKRUPTCY. IF YOU WOULD LIKE TO DISCONTINUE THESE STATEMENTS PLEASE CONTACT OUR CUSTOMER CARE CENTER AT (800) 306-XXXX

21. On or about November 10, 2014, Specialized sent Debtors a document indicating that the amount due on the Subject Loan was $17,353.92. *See* Motion for Sanctions, ¶ 47; Ex. U.

22.    Specialized's November 10, 2014 letter to Debtors contained the following

conspicuous statement in bold capital letters at the end of the letter:

**BANKRUPTCY NOTICE: IF YOU ARE A CUSTOMER IN BANKRUPTCY OR A CUSTOMER WHO HAS RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, PLEASE BE ADVI ED THAT THIS NOTICE IS TO ADVISE YOU OF THE STATUS OF YOUR MORTGAGE LOAN. THIS NOTICE CONSTITUTES NEITHER A DEMAND FOR PAYMENT NOR A NOTICE OF PERSONAL LIABILITY TO ANY RECIPIENT HEREOF, WHO MIGHT HAVE RECEIVED A DISCHARGE OF SUCH DEBT IN ACCORDANCE WITH APPLICABLE BANKRUPTCY LAWS OR WHO MIGHT BE SUBJECT TO THE AUTOMATIC STAY OF SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE. HOWEVER, IT MAY BE A NOTICE OF POSSIBLE ENFORCEMENT OF THE LIEN AGAINST THE COLLATERAL PROPERTY, WHICH HAS NOT BEEN DISCHARGED IN YOUR BANKRUPTCY.**

23.    On or about November 17, 2014, Specialized sent a letter to Debtors' counsel that

contained a payoff quote. *See* Motion for Sanctions, ¶ 48; Ex. V.

24.    Specialized's November 17, 2014 letter to Debtors counsel and the payoff quote

both contained the following statement:

BANKRUPTCY NOTICE: IF YOᵁ ARE A CUSTOMER IN BANKRUPTCY OR A CUSTOMER WHO HAS RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, PLEASE BE ADVISED THAT THIS NOTICE IS TO ADVISE YOU OF THE STATUS OF YOUR MORTGAGE LOAN. THIS NOTICE CONSTITUTES NEITHER A DEMAND FOR PAYMENT NOR A NOTICE OF PERSONAL LIABILITY TO ANY RECIPIENT HEREOF, WHO MIGHT HAVE RECEIVED A DISCHARGE OF SUCH DEBT IN ACCORDANCE WITH APPLICABLE BANKRUPTCY LAWS OR WHO MIGHT BE SUBJECT TO THE AUTOMATIC STAY OF SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE. HOWEVER, IT MAY BE A NOTICE OF POSSIBLE ENFORCEMENT OF THE LIEN AGAINST THE COLLATERAL PROPERTY, WHICH HAS NOT BEEN DISCHARGED IN YOUR BANKRUPTCY.

25.    Specialized maintains adequate procedures to prevent a violation of restrictions

imposed as a result of a debtor filing bankruptcy, including procedures to prevent any violation

of a discharge injunction. *See* Affidavit of Cynthia Wallace attached hereto as Exhibit A, ¶ 5.

26.     More specifically, Specialized's error-avoidance processes and procedures in this case included, without limitation:

   a.  Strict prohibitions on contacting or communicating with borrowers in connection with mortgage loans Specialized serviced after being notified in writing that an attorney represented the borrowers;

   b.  Strict prohibitions on attempting to in any way mislead or deceive or provide false information to borrowers on mortgage loans Specialized serviced;

   c.  Strict prohibitions on threatening to take any action that Specialized was not legally authorized to take, and that Specialized did not intend to take, against borrowers on mortgage loans Specialized serviced;

   d.  Strict prohibitions on attempting to treat borrowers unfairly;

   e.  Strict compliance with the notice and validation of debt requirements under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c ("FDCPA") and the discharge injunction under 11 U.S.C. § 524;

   f.  Policies requiring validation of information provided from prior servicers and creditors upon request from debtors; and

   g.  Strict prohibitions on initiating any action, process, or act to collect, recover or offset any debt as the personal liability of a debtor who filed bankruptcy and/or received a bankruptcy discharge of the debt.

*See* Ex. A, ¶ 6.

27.     These procedures and policies were in place in October of 2014 when Specialized began servicing the Subject Loan. *See* Ex. A, ¶ 7.

## Applicable Standard

28.     Once entered, a discharge order enjoins "the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . ." 11 U.S.C. § 524(a)(2).

29.     A violation of the discharge injunction must be willful to warrant a finding of civil contempt and sanctions. *In re Pincombe*, 256 B.R. 774, 782 (Bankr. N.D. Ill. 2000). "Willful" requires that the creditor knows about the discharge injunction and intends to commit the acts that violate the injunction. *Id.* at 783.

30.     In addition, to prevail on a request for contempt finding, "the moving party must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *United States S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2008).

31.     Standard remedies for violating a discharge order include restitution of the costs of defending or responding to the creditor's actions, reasonable attorneys' fees, and compliance with the discharge injunction. *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 916 (7th Cir. 2001).

32.     Punitive damages for violating a discharge order are not warranted unless the debtor can prove criminal contempt. *Id.*

## Argument

I.     **Debtors Are Not Entitled to Sanctions Because the Alleged Correspondence from Specialized Does Not Violate the Discharge Order.**

33.     In support of their Motion for Sanctions, Debtors reference seven (7) letters they allegedly received from Specialized in October and November of 2014 (Exhibits O-P, T-V). It is these letters, and only these letters, that form the basis of Debtors' Motion for Sanctions.

8

34.     Contrary to Debtors' allegations, the correspondence from Specialized does not violate the Discharge Order because they do not constitute an "action, the employment of process, or an act, to collect, recover or offset" a debt.

35.     It is undisputed that **all** of the correspondence to the Debtors contained the following conspicuous statement, in bold and all capital letters:

> **BANKRUPTCY NOTICE: IF YOU ARE A CUSTOMER IN BANKRUPTCY OR A CUSTOMER WHO HAS RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, PLEASE BE ADVISED THAT THIS NOTICE IS TO ADVISE YOU OF THE STATUS OF YOUR MORTGAGE LOAN. THIS NOTICE CONSTITUTES NEITHER A D_MAND FOR PAYMENT NOR A NOTICE OF PERSONAL LIABILITY TO ANY RECIPIENT HEREOF, WHO MIGHT HAVE RECEIVED A DISCHARGE OF SUCH DEBT IN ACCORDANCE WITH APPLICABLE BANKRUPTCY LAWS OR WHO MIGHT BE SUBJECT TO THE AUTOMATIC STAY OF SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE. HOWEVER, IT MAY BE A NOTICE OF POSSIBLE ENFORCEMENT OF THE LIEN AGAINST THE COLLATERAL PROPERTY, WHICH HAS NOT BEEN DISCHARGED IN YOUR BANKRUPTCY.**

36.     In addition, the Payoff Statement included with one of the letters to Debtors contained the same statement.

37.     This statement is not ambiguous and undeniably notifies Debtors and their retained counsel that the letter is to advise Debtors of the status of their mortgage. Further, the Debtors do not even allege that this clear statement is ambiguous.

38.     More importantly, the letter 's not a demand for payment or a notice of personal liability.

39.     Numerous cases addressing correspondence similar to the correspondence at issue in this case, that all contained similar disclaimers, concluded that the correspondence did not violate the discharge injunction imposed by 11 U.S.C. § 524.

40.     For example, in *Pennington-Thurman v. Bank of America, N.A.* (*In re Pennington-Thurman*), 499 B.R. 329, 332 (B.A.P. 8th Cir. 2013), the Bankruptcy Appellate

Panel for the Eighth Circuit affirmed the Bankruptcy Court's determination that notices the debtor received from Bank of America were not attempts to collect a debt and did not violate the discharge injunction.

41.     At issue in *Pennington-Thurman* were notices that the debtor allegedly received from Bank of America after her bankruptcy discharge that "related to the status of foreclosure or options to cure the default." *Id.* The notices, according to the court, "stated that the notice was not an attempt to collect against the Debtor personally." *Id.*

42.     The *Pennington-Thurman* court concluded that the notices did not violate the discharge injunction and that "[o]ther courts have reached this same conclusion. *See, e.g., Mele v. Bank. Of Am. Home Loans (In re Mele)*, 486 B.R. 546 (Bankr. N.D. Ga. 2013); *Pearson v. Bank of Am.*, No. 3:12-cv-00013, 2012 U.S. Dist. LEXIS 94850 (W.D. Va. July 10, 2012); *In re Jones*, 2009 Bankr. LEXIS 4316, 2009 WL 5842122 at *3." *Id.*

43.     In *Mele*, cited by the *Pennington-Thurman* court, the debtor allegedly received fifteen documents from the bank over an eighteen-month period, which the court characterized as four types of correspondence: (1) informational, (2) FHA information, (3) responses, and (4) statements. Some of the letters, however, contained a statement that read, in part, "if you are currently in a bankruptcy proceeding, or have received a discharge of the home loan debt, this package of information is for informational purposes only. This package of information is not intended as an action to recover or enforce a claim, nor a demand for payment of a debt . . . ." 486 B.R. 546, 551.

44.     The *Mele* court concluded that the correspondence sent to the debtor did not attempt to collect a debt in violation of the discharge injunction and the disclaimer contained in some of the letters made that clear to the debtor. *Id.* at 557-58.

10

45.    In *Pearson*, also cited by the *Pennington-Thurman* court, the debtor received a statement and escrow account review, as well as a letter pertaining to her home equity line of credit, from Bank of America after her debts to Bank of America were discharged.  2012 U.S. Dist. LEXIS 94850, *2.

46.    All of the correspondence contained conspicuous statements that recognized the debtor's bankruptcy and unambiguously stated that Bank of America was not attempting to collect a debt.  *Id.* at *3.

47.    The *Pearson* court acknowledged that the letters "do indeed provide principal balances, estimated payments, payment instructions, information on how Bank of America will post any payments made, and other remarks that could surely be construed, by themselves, as attempts to collect an already-discharged debt."  Notwithstanding this, the court concluded that those portions of the letters must be viewed together with the disclaimers and advisements contained in the letters and, when done so, they "do not represent a violation of the discharge injunction under § 524(a)."  *Id.* at *15-16.

48.    More recently, in *In re Tucker*, 516 B.R. 340 (W.D. Va. 2014), the debtor sought sanctions against a mortgage company, asserting that a letter from the mortgage company violated the Section 524 discharge injunction.

49.    The letter that the debtor received from the mortgage company after her bankruptcy discharge stated that her "account is currently past due."  *Id.* at 346.  However, a conspicuous statement on the back of that letter in all capital letters read: "[t]his statement and any reference in this notice to a personal obligation to make payment do not apply to you if you filed a bankruptcy petition and received a discharge of your personal liability for the obligation identified in this letter or if there is an automatic stay currently in effect."  *Id.*

50. The *Tucker* court concluded that the letter did not violate the discharge injunction. In doing so, the court rejected the debtor's reliance on other cases where, according to the court, a similar notice, was not set out separately in all capital letters, but instead "hidden in the letter." *Id*. at 346-347.

51. Here, the notice to Debtors stated in bold and capital letters that **"IF YOU ARE A CUSTOMER IN BANKRUPTCY OR A CUSTOMER WHO HAS RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, PLEASE BE ADVISED THAT THIS NOTICE IS TO ADVISE YOU OF THE STATUS OF YOUR MORTGAGE LOAN."**

52. Further, the notice conspicuously set forth that it **"CONSTITUTES NEITHER A DEMAND FOR PAYMENT NOR A NOTICE OF PERSONAL LIABILITY TO ANY RECIPIENT HEREOF, WHO MIGHT HAVE RECEIVED A DISCHARGE OF SUCH DEBT IN ACCORDANCE WITH APPLICABLE BANKRUPTCY LAWS"** in bold and all capital letters in a section completely separate from the substantive language in the letter.

53. These cases unequivocally establish that sending correspondence to debtors after their bankruptcy discharge does not violate the discharge injunction if the correspondence conspicuously notifies the debtor that it is for informational purposes and not an attempt to collect a debt or assert personal liability. That is precisely what the purported Specialized correspondence at issue in Debtors' Motion for Sanctions did.

54. Accordingly, the alleged Specialized correspondence that forms the basis of Debtors' Motion for Sanction does not violate 11 U.S.C. §524 or the Discharge Order and, therefore, this Court should deny the Motion for Sanctions.

## II. Specialized's Adequate Procedures to Avoid Violating the Discharge Order Preclude Sanctions.

55.     Even if the Specialized correspondence at issue violates the Discharge Order –
which it does not – this Court must deny Debtors' Motion for Sanctions because Specialized
maintained adequate procedures to avoid violating the Discharge Order. Thus, Debtors cannot
satisfy all of the required elements to justify a contempt finding.

56.     Debtors admit, as they must, that one of the required elements to prevail on a
contempt finding is that Specialized "failed to make a reasonable and diligent effort to comply"
with the Discharge Order. *See* Motion for Sanctions, ¶ 56; *Hyatt*, 621 F.3d at 692.

57.     Here, it is undisputed that Specialized implemented and maintained policies and
procedures designed to comply with rules and regulations related to collection of debts, including
but not limited to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c ("FDCPA") or the
discharge injunction under 11 U.S.C. § 524. *See* Ex. A, ¶ 5.

58.     Specifically, Specialized's error-avoidance processes and procedures in this case
included, without limitation:

> a. Strict prohibitions on contacting or communicating with borrowers in
>    connection with mortgage loans Specialized serviced after being notified in
>    writing that an attorney represented the borrowers;
>
> b. Strict prohibitions on attempting to in any way mislead or deceive or provide
>    false information to borrowers on mortgage loans Specialized serviced;
>
> c. Strict prohibitions on threatening to take any action that Specialized was not
>    legally authorized to take, and/or that Specialized did not intend to take,
>    against borrowers on mortgage loans Specialized serviced;
>
> d. Strict prohibitions on attempting to treat borrowers unfairly;

e.  Strict compliance with the notice and validation of debt requirements under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c ("FDCPA") and the discharge injunction under 11 U.S.C. § 524;

f.  Policies requiring validation of information provided from prior servicers and creditors upon request from debtors; and

g.  Strict prohibitions on initiating any action, process, or act to collect, recover or offset any debt as the personal liability of a debtor who filed bankruptcy and/or had received a bankruptcy discharge of the debt.

*See* Ex. A, ¶ 6.

59.   In implementing these procedures, there is no dispute that Specialized made "reasonable and diligent" efforts to comply with the Discharge Order.

60.   Furthermore, Debtors cannot legitimately argue that these error-avoidance procedures did not constitute "adequate procedures."

61.   Debtors make the unfounded assertion that Specialized did not "implement any systems to prevent its ongoing violation of the Discharge Order" entered when Specialized was no longer servicing the Subject Loan. *See* Motion for Sanctions, ¶ 66. Debtors are wrong.

62.   Specialized implemented and maintained procedures specifically designed to avoid violating the FDCPA and the discharge injunction imposed by 11 U.S.C. § 524. Those procedures are plain to see from the letters' conspicuous language and were in place when Specialized began servicing Debtors' loan in October of 2014. *See* Ex. A, ¶¶ 5-7.

63.   Furthermore, Debtors admit that their counsel sent Specialized a "Request for Information Pursuant to Section 1024.36 of Regulation X" on October 16, 2014. *See* Motion for Sanctions, ¶ 45; Ex. S.

64.     Interestingly, despite knowledge that this Court issued the Discharge Order and the Release of Mortgage on the Subject Property after Specialized no longer serviced the Subject Loan, Debtors failed to reference either of them in their October 16 correspondence. Instead, the October 16 letter to Specialized specifically requested information related to the Subject Loan.

65.     In particular, Debtors' October 16, 2014 letter requested Specialized to provide, among other things, the following:

     a.  The current payment due date;

     b.  The date of any periodic late payment fee, and the date that the fee will be imposed if a payment has not been received;

     c.  The monthly payment a.nount including how much from each payment will be applied to principal, interest and escrow;

     d.  The total amount of any fees or charges imposed since the first day of this calendar year (January 1);

     e.  Any payment amount that is currently past due;

     f.  A current and itemized statement of the amount needed to payoff the mortgage loan identified herein in full; and

     g.  The current and itemized statement of the amount needed to reinstate to a current status the mortgage loan identified herein.

*See* Motion for Sanctions, Ex. S.

66.     In other words, rather than attempt to notify Specialized of the Discharge Order or the Release of Mortgage, Debtors sought to trap Specialized by requesting that Specialized send them information that pertained to a debt that this Court previously discharged.

67.     Not surprisingly, Debtors are now using Specialized's response to their October 16th request for information as a basis for their Motion for Sanctions.

68.     Nevertheless, despite the Debtors attempt to manufacture unnecessary litigation, there is no dispute that Specialized implemented and maintained reasonable and diligent procedures specifically designed to avoid violating laws related to the collection of debts, including discharge injunctions imposed under Section 524.

69.     As a result, Debtors cannot satisfy the all of the required elements to justify a contempt finding and this Court should deny their Motion for Sanctions.

## III.     Debtors Are Not Entitled to Punitive Damages Under Governing Law.

70.     As part of the relief sought in their Motion for Sanctions, Debtors seek "punitive damages in an amount in excess of $500,000." *See* Motion for Sanctions, p. 19.

71.     Debtors, however, are not entitled to punitive damages even if the conduct at issue constituted a violation of the Discharge Order – which it unequivocally did not.

72.     "A bankruptcy court may punish a violation of the automatic stay pursuant to its civil contempt powers codified in § 105(a). Thus, the bankruptcy court's award of damages in the exercise of its contempt powers was proper. Its punitive damage award, however, will be vacated, as punitive damages are not an appropriate sanction for civil contempt." *Paloian v. Grupo Serla S.A. de C.V.*, 433 B.R. 19, 41 (N.D. Ill. 2010) (citing *Cox*, 239 F.3d at 916).

73.     Thus, Debtors' request for punitive damages is contrary to the law of this Court.

74.     In support of their argument for punitive damages, Debtors mistakenly rely on cases that are unpersuasive, easily distinguished, and inapplicable.

75.     First, Debtors' reliance on *In re Sumpter*, 171 B.R. 835 (Bankr. N.D. Ill. 1994) is misplaced because the issue in that case w; whether the alleged conduct violated the automatic

16

stay under 11 U.S.C. § 362 and not the discharge injunction under Section 524. The critical distinction is that Section 362(k)(1) expressly provides that an individual injured by a violation of the automatic stay may, in appropriate circumstances, recover punitive damages. No such provision exists in Section 524.

76.     Similarly, Debtors' reliance on *In re Wagner*, 74 B.R. 898 (Bankr. E.D. Pa. 1987) and *In re Medlin*, 201 B.R. 188 (Bankr. E.D. Tenn. 1996) is equally misplaced because those cases are not binding on this Court and are contrary to *Paloian* and *Cox*. Furthermore, both of those cases, like *In re Sumpter*, address whether the alleged conduct violated the automatic stay under Section 362, not the discharge injunction under Section 524.

77.     *Paloian* and *Cox* establish that a Debtor may not recover punitive damages for alleged violations of a discharge injunction unless it is shown that the conduct at issue constituted **criminal contempt**. Debtors' Motion for Sanctions does not allege Specialized engaged in criminal contempt or set forth any facts that could legitimately constitute criminal contempt.

78.     Accordingly, this Court must deny Debtors' baseless request for punitive damages.

### Conclusion

Debtors' Motion for Sanctions incorrectly alleges that Specialized violated the discharge injunction imposed by 11 U.S.C. § 524. This Court should deny the Debtor's Motion for Sanctions because the alleged correspondence does not constitute an action, process, or an act to collect, recover or offset a debt.

Furthermore, even if the correspondence at issue violated the discharge injunction – which it plainly does not – this Court should deny Debtors' Motion for Sanctions because

Specialized implemented and maintained procedures designed to comply with the discharge injunction and, thus, Debtors cannot satisfy all of the required elements to support a contempt finding.

Moreover, Debtors' request for punitive damages is contrary to governing law.

WHEREFORE, Specialized respectfully requests that this Court deny Debtors' Motion for Sanctions in its entirety, and for further and additional relief as the Court deems just and appropriate.

Ralph T. Wutscher
Coleman J. Braun
Daniel B. Nora
McGinnis Wutscher Beiramee LLP
105 W. Madison, Suite 1800
Chicago, Illinois 60602
litigation@mwbllp.com
(312) 416-6170

Dated: February 27, 2015

By:    /s/ Daniel B. Nora
       ARDC# 6306649

## Certificate of Service

Coleman J. Braun, an attorney, certifies that on **February 27, 2015**, he caused the service of a true and correct copy of this Response and any referenced exhibits via ECF on all parties who are Filing Users.

_/s/ Daniel B. Nora_____

## UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| GLENN A. LARSON and JUDY LARSON ) | CASE NUMBER 07 B 09182 |
| ) | |
| Debtors, ) | |
| ) | CHAPTER 13 |
| v. ) | |
| ) | |
| SPECIALIZED LOAN SERVICES, LLC, ) | Honorable Judge A. Benjamin Goldgar |
| a Delaware Limited Liability Company; ) | |
| FV-1, INC in Trust for MORGAN ) | |
| STANLEY MORTGAGE CAPITAL ) | |
| HOLDING LLC and MORGAN ) | |
| STANLEY MORTGAGE CAPITAL ) | |
| HOLDINGS, LLC, a New York ) | |
| Limited Liabilty Company, ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT OF CYNTHIA WALLACE

I, Cynthia Wallace, being first duly ᵉ vorn and on oath state as follows:

1.     I am a resident of the State of Colorado. I am over 18 years of age, and have not been convicted of a felony or a crime involving dishonesty.

2.     I am employed as an SAVP, Default Administration at Specialized Loan Servicing LLC ("SLS"), the servicer of the mortgage loan that is the subject of this action. SLS began servicing the mortgage loan that is the subject of this action in October of 2014.

3.     As the servicer, SLS is the entity responsible for among other things, receiving and crediting any scheduled periodic payments pursuant to the terms of the note and mortgage evidencing the mortgage loan at issue in this action, including amounts for any escrow account, and for enforcing the terms of the note and mortgage, for and on behalf of the loan owner.

4.     I have personal knowledge of the facts contained in this affidavit by virtue of my



EXHIBIT

A

direct and personal experience with SLS's practices and procedures as an SAVP, Default Administration with SLS, and based upon my review and analysis of the relevant business records attached and included as an exhibit to this affidavit. More particularly:

(a)     I have direct and personal experience with the systems of record that SLS uses to create and record information related to the mortgage loans that it services, including the process by which SLS employees enter information in those systems; and

(b)     I have direct and personal knowledge of the manner in which SLS employees enter or cause to be entered information relating to customer payments, principal, interest, fees, and other charges in those systems of record.

5.     SLS has implemented and maintained policies and procedures designed to comply with rules and regulations related to collection of debts, including but not limited to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c ("FDCPA") or the discharge injunction under 11 U.S.C. § 524.

6.     More particularly, SLS's error-avoidance processes and procedures in this case included, without limitation:

a.  Strict prohibitions on contacting or communicating with borrowers in connection with mortgag  loans serviced by Specialized after being notified in writing that that an attorney represented the borrowers;

b.  Strict prohibitions on attempting to in any way mislead or deceive or provide false information to borrowers on mortgage loans Specialized serviced;

c.  Strict prohibitions on threatening to take any action that Specialized was not legally authorized to take, and/or that Specialized did not intend to take, against borrowers on mortgage loans Specialized serviced;

d.  Strict prohibitions on attempting to treat borrowers unfairly;

e.  Strict compliance with the notice and validation of debt requirements under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c ("FDCPA") and the discharge injunction under 11 U.S.C. § 524;

f.  Policies requiring validation of information provided from prior servicers and creditors upon request from debtors; and

g.  Strict prohibitions on initiating any action, process, or act to collect, recover or offset any debt as the personal liability of a debtor who has filed bankruptcy and/or had received a bankruptcy discharge of the debt.

7.  These procedures and policies were in place in October of 2014 when SLS began servicing the mortgage loan at issue in this action.

Affiant states nothing further.

(Cynthia Wallace)
Specialized Loan Servicing LLC, authorized loan servicer through power of attorney for U.S. Bank National Association, as Indenture Trustee of the GMACM Home Equity Loan Trust 2006-HE4

The foregoing instrument was sworn and acknowledged before me this **30** day of January, 2015.

Notary Public     3-6-2018

LORI ANN HEID
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20144010513
MY COMMISSION EXPIRES 03/06/2018